**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alec Long, a minor, by and through his father, Charles Long,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Humboldt Unified School District No. 22; Governing Board of Humboldt Unified School District No. 22; Henry E. Schmitt, individually and in his capacity as Superintendent of Humboldt Unified School District No. 22; Candice Blakely-Stump, individually and in her capacity as Assistant Principal of Glassford Hill Middle School; John Does I-V, inclusive; Jane Does I-V, inclusive; Black Corporations I-V, inclusive; White Partnerships I-V, inclusive,<br><br>　　　　　Defendants. | No. CV-09-8045-PHX-FJM<br><br>**ORDER** |

We have before us defendants Humboldt Unified School District No. 22 ("Humboldt"), Governing Board of Humboldt Unified School District No. 22 ("Governing Board"), Henry Schmitt, and Candice Blakely-Stump's motion to dismiss (doc. 17), plaintiff's response (doc. 18), and defendants' reply (doc. 21).

As an initial matter, defendants ask that we strike plaintiff's response as untimely and grant summary disposition on their motion. We deny this request. Defendants' filed their motion to dismiss under Rule 12(b)(1) & (6) on April 14, 2009, to which plaintiff responded

on April 29, 2009. Defendants claim the response was untimely because plaintiff had ten days, excluding weekends and holidays, to respond to the motion under Rule 6, Fed. R. Civ. P., and LRCiv 7.2. We calculate ten days from the time of defendants' motion as April 28, 2009. However, under Rule 6(d), Fed. R. Civ. P., plaintiff had an additional three days to respond. Plaintiff's response on April 29 was within that three day period and was therefore timely.

**I**

Alec Long was a student at Glassford Hill Middle School ("Glassford") in Humboldt. On January 23, 2009, Alec's father, Charles Long, was summoned to Glassford and notified that Alec was being suspended for nine days because he had been accused of sexually harassing a teacher. Candice Blakely-Stump, the assistant principal of Glassford, informed Charles Long that she would be seeking a hearing regarding a longer term suspension. She also allegedly told Charles Long that he could resolve the matter by withdrawing Alec from Glassford. While leaving, Charles Long was presented with notice that Alec was suspended for a second nine day period due to alleged sexual harassment of multiple students. Alec withdrew from Glassford the following week and began attending Achieve Academy.

In February 2009, Humboldt sent a letter to Charles Long scheduling a disciplinary hearing for February 13, 2009.[1] Charles Long's request for evidence of Alec's misconduct was denied. After the hearing, Alec was found guilty of the charges. The hearing officer recommended that he be suspended for six months. On March 3, 2009, Charles Long received a letter from Henry Schmitt, the superintendent of Humboldt, stating that the disciplinary process for Alec had been "materially deficient" and the suspension process would begin anew. Charles Long received another letter from Humboldt on March 6, 2009

---

[1] In order to make a record, a school may proceed with a disciplinary hearing even after a student withdraws. A.R.S. § 15-843(E).

- 2 -

claiming that Alec's suspension had ended on January 26, the day he withdrew from Humboldt,[2] and that it would not proceed with a new expulsion hearing at the time.

On March 17, 2009, Charles Long filed this action, on behalf of his son, under 42 U.S.C. § 1983 for violation of his federal procedural due process rights[3] and for violation of the due process clause under Article II § 4 of the Arizona Constitution. Plaintiff seeks to enjoin defendants from restarting the suspension process and from destroying evidence from the February 13 hearing. Plaintiff also seeks to be restored as a student in good standing in Humboldt so that he may attend any Humboldt school and participate in extracurricular activities. Defendants move to dismiss.

**II**

Defendants argue that plaintiff's state law claim must be dismissed because he did not file a notice of claim under A.R.S. § 12-821.01. The notice of claim statute, however, does not apply where, as here, plaintiff seeks injunctive relief. State of Ariz. v. Mabery Ranch Co., L.L.C., 216 Ariz. 233, 245, 165 P.3d 211, 223 (Ct. App. 2007) ("[S]ection 12-821.01 does not apply to a claim such as this, in which a private party seeks an injunction restraining conduct by a public entity."). Plaintiff does not seek damages. See Martineau v. Maricopa County, 207 Ariz. 332, 336-37, 86 P.3d 912, 916-17 (Ct. App. 2004) (finding plaintiffs did not need to comply with the notice of claims statute where they sought declaratory relief even though they had also asked for attorneys' fees and costs). Accordingly, we conclude that the failure to file a notice of claim is no bar to plaintiff's state law claim.

**III**

Defendants also argue that plaintiff has failed to state a claim under 42 U.S.C. § 1983. First, defendants contend that plaintiff's 42 U.S.C. § 1983 claim against Humboldt and the

---

[2]Plaintiff claims that he withdrew from Humboldt on January 29, 2009, not January 26, 2009.

[3]Because the complaint fails to allege inequitable treatment, we need not decide whether it purports to allege an equal protection claim.

1  Governing Board must be dismissed because plaintiff has failed to allege that they had a
2  policy, practice, or custom that allowed a constitutional violation to occur. We agree. "[A]
3  municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell
4  v. Dept. of Soc. Servs. of the City of N.Y. et al., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036
5  (1978). A school district's liability "may be premised on any of three theories: (1) that a
6  district employee was acting pursuant to an expressly adopted official policy; (2) that a
7  district employee was acting pursuant to a longstanding practice or custom; or (3) that a
8  district employee was acting as a 'final policymaker.'" Lytle v. Carl, 382 F.3d 978, 982 (9th
9  Cir. 2004) (citation omitted). Although plaintiff concedes that he has "made no specific
10 allegations in his Complaint that [a Humboldt] employee was acting pursuant to an express
11 official policy or a longstanding practice or custom," Response at 12, he argues that he has
12 stated a claim because the complaint contains the inference that Blakely-Stump and Schmitt
13 were acting as final policymakers.

Plaintiff's complaint does not allege that Blakely-Stump and Schmitt were acting as final policymakers, and it would be futile to allow plaintiff to amend the complaint. "To determine whether a school district employee is a final policymaker, we look first to state law." Lytle, 382 F.3d at 982 (citation omitted). Arizona law provides that final policymaking authority for governing schools and disciplining students for disorderly conduct rests with the Governing Board. A.R.S. § 15-341(A)(1), (13) & (14). Blakely-Stump and Schmitt have been delegated some authority to act, but are constrained by the policies of the Governing Board in their actions. Although Blakely-Stump and Schmitt are able to recommend student discipline, their recommendations are subject to review and final determination by the Governing Board and do not rise to the level of Humboldt policy. Complaint, Ex. D.

Accordingly, we conclude that plaintiff has failed to state a section 1983 claim against Humboldt and the Governing Board.

Defendants also argue that plaintiff's section 1983 claim against Blakely-Stump and Schmitt must be dismissed because plaintiff has failed to allege that he suffered a

constitutional injury. We disagree. The Due Process Clause prohibits arbitrary deprivations of property or liberty interests. Goss v. Lopez, 419 U.S. 565, 573, 95 S. Ct. 729, 735 (1975). Plaintiff claims entitlement to public education of which he may not be deprived without due process. Id. He also has a liberty interest in protecting his reputation from serious allegations of misconduct. Id. at 574-75, 95 S. Ct. at 736.

Defendants contend that plaintiff was not deprived of a liberty or property interest because his suspension was cancelled when he withdrew from Glassford and the expulsion process was terminated. Plaintiff has alleged, however, that he was suspended without proper process and that his suspension continued even after his withdrawal from Glassford. Plaintiff also claims that he was not able to enroll in other public schools because of the impending suspension hearing. These allegations are sufficient to state a claim that is plausible on its face. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). We, therefore, deny defendants' motion to dismiss plaintiff's section 1983 claim against Blakely-Stump and Schmitt.

**IV**

**IT IS THEREFORE ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss (doc. 17). Plaintiff's 42 U.S.C. § 1983 claim is dismissed as to defendants Humboldt and the Governing Board. All other claims remain.

DATED this 26th day of June, 2009.

_____
Frederick J. Martone
United States District Judge